832 P.2d 757

**W.E. NOLLENBERGER,**
**Plaintiff–Appellant,**

v.

**Mary K. NOLLENBERGER,**
**Defendant–Respondent.**

**No. 19142.**

Supreme Court of Idaho,
Boise, February 1992 Term.

May 20, 1992.

Bert L. Osborn, Payette, for plaintiff-appellant.

Nicholas T. Bokides, Weiser, for defendant-respondent.

JOHNSON, Justice.

This is a divorce case. This appeal is from a magistrate judge's imposition of sanctions pursuant to I.R.C.P. 37(a)(4) and 37(b) based on the failure of the husband to comply with discovery orders. We hold that the magistrate judge did not abuse his discretion by striking the husband's pleadings, allowing the wife to take default judgment, and awarding costs and attorney fees. We also affirm the award of attorney fees on appeal by the district judge and award costs and attorney fees on this appeal.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

In September 1986, W.E. Nollenberger (the husband) filed a complaint requesting a divorce from Mary K. Nollenberger (the wife). The complaint asked the magistrate judge to characterize property acquired by the husband before the marriage as separate property.

The wife answered the complaint and counterclaimed for a divorce from the husband. She alleged that the couple had used community funds to pay debts on property acquired by the husband before their marriage and that a bank account existed. The husband replied to the counterclaim and alleged that all disputed property was his separate property in which the community had no interest.

In September, 1986, the wife filed her first request for production of documents (the first request for production). Because of the lack of compliance by the husband, on January 6, 1987, the wife filed a motion for order compelling response to the first request for production. On January 15,

1987, the wife submitted interrogatories (the first interrogatories) to the husband and renewed the first request for production.

On January 6, 1987, the wife filed a motion to compel the husband to produce the documents she had requested and to award attorney fees and costs for being required to obtain the court's aid in the production of the documents.

On January 20, 1987, pursuant to a stipulation by the husband, the magistrate judge entered an order requiring the husband, on or before February 13, 1987, to produce the documents that were the subject of the wife's first request for production.

On February 12, 1987, the husband filed answers to the wife's first interrogatories and a response to the wife's first request for production. The magistrate judge characterized the husband's answers as evasive and the response as incomplete.

In June, 1987, the wife again requested the husband to produce documents (the second request for production) and moved for leave to serve further interrogatories. In July, 1987, the wife filed a motion to compel the husband to respond to the second request for production. The magistrate judge ordered the husband to produce the documents requested in the second request for production on or before August 19, 1987, and granted leave to the wife to file further interrogatories. The magistrate judge reserved the question whether attorney fees should be awarded. On October 16, 1987, the wife submitted the new interrogatories (the second interrogatories), to which the husband responded. The magistrate judge again characterized the husband's responses as evasive. On February 5, 1988, the husband submitted another set of answers to the second interrogatories.

On October 16, 1987, the wife also filed a motion for sanctions against the husband on the grounds the husband had completely disregarded the order of July, 1987, compelling the production of the documents requested in the second request for production. The motion stated that the documents were absolutely necessary in order for the wife adequately to defend against the husband's assertion that all assets owned by the parties were the husband's property. The motion requested that the magistrate judge should order that all property acquired during the marriage was community property and should prohibit the husband from in any way attempting to prove that the property was his separate property.

In December, 1987, the wife moved to compel the husband to provide responses to the second interrogatories. In this motion the wife sought attorney fees and stated that, due to the continued discovery problems, the order to compel should provide that failure to comply with the order would result in sanctions, including: (1) an award of attorney fees and costs for enforcing the order, (2) striking the husband's complaint, (3) entry of default against the husband on the wife's counterclaim, (4) an order prohibiting the husband from presenting any evidence of separate property, (5) an order that all property owned by the parties is community property, and (6) a monetary penalty of $50 per day for each day the husband fails to comply with the order.

In ruling on the motion to compel, the magistrate judge stated that the husband had given no adequate reason why his responses to the second interrogatories were incomplete. The magistrate judge then: (1) granted the motion to compel responses to the second interrogatories and required the husband to file the complete responses within twenty-one days, (2) ordered the husband to arrange for depositions of both parties within forty-two days at the husband's expense, (3) reserved ruling whether to award further sanctions against the husband, and (4) awarded $300 as attorney fees to the wife.

For reasons that are not explained in the record, the wife did not take the husband's deposition until March 7, 1989. The notice of taking the deposition requested the husband to bring with him various documents, including bank statements from 1986 to early 1989 and all records indicating the disposition of a balance $239,233.13 as of November 28, 1986, in a specified bank account. The husband failed to produce

the requested bank statements and was unable to account for the disposition of the balance in the bank accounts.

In April, 1989, the wife moved for default judgment against the husband on her counterclaim on the grounds that the husband had failed to comply with her discovery requests and had flagrantly disregarded the order of the magistrate judge.

In May, 1989, the wife moved for alternate relief, requesting: (1) the award of attorney fees, (2) an order that all property owned during the marriage was community property and prohibiting the husband from introducing any evidence or asserting a separate property interest in any property owned by either party during the marriage, (3) an order that all income of the husband from real estate sale contracts be deposited in trust for disbursement only upon order of the court, and (4) an order that the husband account for all income and expenses from the date of separation to the present.

On May 22, 1989, the magistrate judge entered an order reciting the history of the husband's failure to comply with discovery:

> [The husband] has consistently resisted discovery. The matters which he has failed to completely respond to, such as the bank statements, are crucial to [the wife's] case. The savings of the parties must be traced. These funds may have been used to purchase property which [the husband] has not disclosed in discovery. The source of funds for the property purchased by [the husband] must be traced. Without the information requested in discovery, [the wife] cannot trace a substantial amount of community funds or establish the nature of property purchased or paid for during the marriage. This goes to the very heart of the divorce action. Furthermore, [the wife] has already been prejudiced. There is a huge sum of money that [the husband] may have secreted or spent. He has been doing this while failing to respond to discovery designed to determine the amount and location of the community funds.
>
> . . . .

> This Court has repeatedly entered orders compelling discovery. It has granted attorney fees to the defendant. Given the degree of resistance [the husband] has demonstrated against discovery, it is highly unlikely that simply imposing more costs and attorney fees would be effective. Furthermore, it is clear to the Court that [the husband] will be more effective in secreting and disposing of community property the longer this action is delayed. Delaying the case by entering more orders compelling discovery is an inadequate remedy.

> Granting the alternative relief requested by [the wife] would not achieve valid litigation between informed parties, *Southern Idaho Prod. Credit v. Astorquia*, 113 Idaho 526, 532, 746 P.2d 985 (1987). This Court does not believe [the husband] will ever comply with discovery. This is evident from his previous testimony before the Court and his deposition testimony. Simply preventing him from asserting the separate nature of property at trial will not help [the wife] if she does not even know of the very existence of the property. [The husband] will simply continue to feign ignorance about the existence of property or records of that property.

> [The husband] has forced the Court to use heavy sanctions. Balancing his culpability against the prejudice [the wife] has suffered and will continue to suffer leads the court to the conclusion that strict measures must be taken against [the husband].

The magistrate judge then ordered: (1) the husband's complaint stricken, (2) the husband's response to the wife's counterclaim stricken, (3) the husband not be allowed to file a reply to the wife's amended counterclaim, and (4) the wife be allowed to take default judgment against the husband on the amended counterclaim. The magistrate judge ordered these sanctions stayed for twenty-one days and stated that the court would not impose the sanctions if the husband complied with a specific list of discovery.

In November, 1989, the wife moved for default judgment on the grounds that the husband had not complied with the magistrate judge's May 22, 1989, order. On November 16, 1989, the magistrate judge entered an order imposing the sanctions against the husband. In doing so, the magistrate judge stated:

> Since the May 22, 1989, order the record reflects that [the husband] has again failed to comply with [the wife's] discovery requests and the Court's order. On May 8, 1989, [the husband] filed an affidavit saying he had furnished all documents he had. After the May 22, 1989, order, [the husband] managed to furnish in excess of 3,100 pages of documents. However, he has neglected to furnish records concerning a $242,588.24 withdrawal from a bank account February 27, 1987. He has also failed to furnish records concerning two accounts with balances in excess of $108,000 with [the husband] as a trustee of one and a beneficiary of another. Finally, he has furnished no records of a Glendale Federal account which earned $6,294 of interest in 1988. The assertion of [the husband] that he does not have these records is beyond belief.
>
> Although the burden of proof is on [the husband] to prove the alleged separate nature of these accounts, it is impossible for [the wife] to prepare for trial without the information requested and ordered to be furnished. Trial is set less than three weeks away. [The wife] has been prejudiced by the totally unreasonable refusal of her husband to comply with discovery. His failure to comply with discovery has been flagrant, egregious and totally in bad faith. The Court has attempted to encourage discovery by lesser sanctions which have not been effective.

On November 30, 1989, following a trial, the magistrate judge entered a judgment. The judgment granted the wife a divorce, awarded her $150,000 of the parties' community savings, divided other property, and awarded the wife attorney fees and costs of $5,000 pursuant to I.R.C.P. 37(a)(4) and 37(b) for securing compliance with discovery and the orders of the magistrate judge.

The husband appealed to the district judge, who affirmed the judgment and awarded the wife attorney fees on appeal pursuant to I.C. § 12-121 on the grounds the husband brought the appeal frivolously. The district judge remanded the case to the magistrate judge for a determination of the attorney fees. The husband appealed to this Court.

## II.

## THE MAGISTRATE JUDGE DID NOT ABUSE HIS DISCRETION IN SANCTIONING THE HUSBAND.

■ The husband asserts that the magistrate judge abused his discretion in sanctioning the husband. We disagree.

In *Blaser v. Riceci*, 119 Idaho 834, 810 P.2d 1120 (1991), the Court said:

> The imposition of sanction pursuant to I.R.C.P. 37(b) is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. In *Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987), we held that dismissals with prejudice are appropriate where there is a clear showing of delay and the ineffectiveness of lesser sanction bolstered by the presence of at least one aggravating factor such as: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant.
>
> . . . .
>
> To sustain the imposition of sanctions, the trial court must make specific findings to support the award.

*Id.* at 835-36, 810 P.2d at 1121-22 (citations omitted).

In this case, the magistrate judge more than adequately complied with these requirements and did not abuse his discretion. The magistrate judge concluded both the order of May 22, 1989, and the order of November 16, 1989, by stating that the decision would constitute findings of fact and conclusions of law. These findings

**190**

indicate that the delay caused by the husband's failure to comply with the discovery orders was intentional and caused prejudice to the wife.

### III.

### CONCLUSION.

The husband has also asserted that the magistrate judge's action denied him due process of law. The husband did not preserve this issue by raising it before the magistrate judge, although he raised it on appeal before the district judge. *See State v. Kenner*, 121 Idaho 594, 826 P.2d 1306 (1992). Therefore, we will not address this issue.

■ We affirm the judgment entered by the magistrate judge and the award of attorney fees awarded by the district judge on appeal. The husband pursued not only that appeal, but also this one, frivolously, unreasonably, and without foundation. Therefore, we award not only costs on this appeal, but also attorney fees. Upon submission of an affidavit of the respondent's attorney representing the attorney fees incurred both on the appeal to the district judge and to this Court, we will enter an award of attorney fees rather than remanding to the magistrate judge.

BAKES, C.J., BISTLINE and · McDEVITT, JJ., and REINHARDT, J. Pro Tem., concur.