850 P.2d 216

**In re Custody of William Thomas PERALTA, a minor.**

**Marian WULFF, Appellant–Respondent on Appeal,**

v.

**Thomas A. PERALTA, Respondent–Appellant on Appeal.**

**No. 19253.**

Court of Appeals of Idaho.

April 2, 1993.

Dennis A. Voorhees, Twin Falls, for appellant.

Fuller Law Offices, Jerome, for respondent. Timothy J. Williams argued.

SWANSTROM, Judge.

This case began tragically when a mother suddenly died from an illness leaving her small child alone in Nevada. Marian Wulff, the maternal grandmother of the child, brought him to Twin Falls County, and when the divorced father, Thomas Peralta, later appeared to take the child, the grandmother sought legal custody. A magistrate in Twin Falls County held that the Idaho courts were not the appropriate forum, and he deferred the custody dispute to the courts of Nevada where the child

and his parents had resided. This appeal is not about that tragedy. This appeal is over the mundane question of whether the grandmother must pay the attorney fees incurred by the father in the proceedings below. In this appeal—the fourth appeal in the case—we hold that she does not. Our reasons are as follows.

Marian Wulff filed the first appeal in this case when the magistrate in Twin Falls County declined jurisdiction over the action Wulff had filed to gain custody of her grandson. The magistrate ruled that under I.C. § 32–1103, a part of the Idaho Uniform Child Custody Act (UCCJA), Wulff had chosen an inappropriate forum. Wulff appealed to the district court.

The district court reviewed the record as an appellate court and affirmed the magistrate's decision to dismiss the action on jurisdictional grounds, ruling in a memorandum decision that Peralta was not entitled to attorney fees on the appeal, and in June, 1990, remanded the case to the magistrate division where Peralta had a pending request for costs and attorney fees.

Peralta was apparently dissatisfied with the district court's decision not to award him attorney fees on the appeal. He appealed the decision to the Supreme Court in July, 1990. A clerk's record and a transcript were prepared and filed in the Supreme Court under Case No. 18815. However, on January 25, 1991, by stipulation of the parties, the Supreme Court dismissed the appeal.

In the meantime, in August, 1990, the magistrate conducted a hearing and awarded costs and attorney fees to Peralta as the prevailing party in the prior proceedings in the magistrate division. Wulff appealed again to the district court, this time from the magistrate's judgment dated August 14, 1990, awarding costs and attorney fees to Peralta.

On March 6, 1991, the district court filed its appellate opinion in which it affirmed the magistrate's award of costs to Peralta but reversed the magistrate's award of attorney fees. It was Peralta's turn to appeal. In this appeal, Case No. 19253, he asks us to reverse the district court's appel-

late decision and reinstate the magistrate's award of attorney fees. Peralta asserts that the magistrate's award of attorney fees was proper under any of the following statutes: I.C. §§ 32–1107(g), 32–1116(b), 12–121, 12–123 and I.R.C.P. 11(a)(1). We disagree, and for reasons stated below, we affirm the district court's appellate decision.

We will avoid discussing many of the factual details and procedural history that were germane to the jurisdictional issue under the UCCJA. Both the magistrate and the district court's opinions show thoughtful consideration of the issues relating to the jurisdictional questions. Ultimately, both courts agreed that Idaho was not the appropriate forum to resolve the custody dispute. The attorney fees question we have to decide, however, depends in part on whether the choice of forums was "clearly inappropriate." On this question, the district court sitting as an appellate court made the first call.

■■■ The issue before us is whether the magistrate erred in awarding attorney fees to Peralta. Where a case is commenced in the magistrate division, appealed to the district court, and is thereafter appealed, we ordinarily review the magistrate's decision independent of, but with due regard for, the district court's decision. *McNelis v. McNelis*, 119 Idaho 349, 806 P.2d 442 (1991). In this case, however, as we shall explain, the magistrate's award of attorney fees must be considered in light of the fact that *before* the magistrate ever ruled on the merits of the request for attorney fees, the district court had addressed the statutory basis for attorney fees on appeal, making various findings and legal rulings which became final rulings in the case, not subject to attack in this appeal, and which stated the law of the case that the magistrate—and even this appellate court—must follow *in this appeal.*

We remind the reader that this unique situation arose because the rulings we mention were made in the first appeal to the district court, resulting in an opinion that was appealed to the Supreme Court— Case No. 18815. When that appeal was

dismissed by stipulation of the parties, the district court's rulings became the law of the case.[1] The clerk's record and transcript containing those rulings in Case No. 18815 have been augmented into the record on this appeal, and we are bound to recognize them—as was the magistrate when he later ruled on the request for attorney fees.

In the first appeal, the district court addressed several issues relating to the magistrate's decision that Idaho was not the appropriate forum. Then the district court addressed Peralta's request for attorney fees under various statutes, commencing with I.C. § 12–121. Citing the standards of Minich v. Gem State Developers, Inc., 99 Idaho 911, 591 P.2d 1078 (1979), that an appellate court must apply in awarding fees under I.C. § 12–121 and I.A.R. 41, the district court said:

> This court has reviewed the issues raised by the appellant and determines that they were not brought frivolously, unreasonably or without foundation. The full application of I.C. § 32–1101, et seq., has not been addressed by the Idaho courts. Because of this, this court was required to examine case law from sister states, as well as the comments to the uniform law, for guidance. Even though the court did not agree with the appellant's assertions, the court concludes that such were not brought or pursued frivolously, unreasonably or without foundation. For this reason, the court will not award attorney fees on appeal to the respondent, pursuant to I.A.R. 41.

The district court quoted the provisions of I.C. § 32–1107(g):

> "(g) If it appears to the court *that it is clearly an inappropriate forum* it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party." [Emphasis by district court.]

The district court then said:

> Subsection (g) applies when the forum chosen is "clearly inappropriate." In the Comments to UCCJA § 7, this phrase is used, "when the forum chosen is seriously inappropriate considering the jurisdictional requirements of the Act." After reviewing the entire case, the court agrees with the magistrate's conclusion that Idaho was not an appropriate forum; however, this court cannot say that Idaho was "clearly or seriously inappropriate" as a forum. There simply were enough genuine issues raised on this appeal "considering the jurisdictional requirements of the act," that an award of attorney fees will be precluded. The court will, therefore, not award attorney fees pursuant to I.C. § 32–1107(g).

Earlier in its opinion the district court noted that the Idaho courts have had little opportunity to construe and apply the provisions of the UCCJA, as they relate to the jurisdiction of Idaho courts to hear child custody matters. "In light of this," the court continued, "this court has relied upon the comments of the uniform law and the case law of sister states which have addressed the application of the uniform law to their own UCCJA."

*See also Suitts v. First Security Bank of Idaho*, 110 Idaho 15, 23, 713 P.2d 1374, 1382 (1985) (*Suitts II*) (decision in *Suitts v. First Security Bank of Idaho*, 100 Idaho 555, 602 P.2d 53 (1979) (*Suitts I*), stated the law of the case and was binding on the trial court on remand; the trial court erred by giving jury instructions which allowed the jury to decide questions which were answered in *Suitts I*).

---

1. *See, e.g., Airstream, Inc. v. CIT Financial Serv.*, 115 Idaho 569, 574–75, 768 P.2d 1302, 1307–08 (1988) (*Airstream II*). In that case, the district court made a factual finding that Airstream sold two trailers to CIT (following a remand from *Airstream, Inc. v. CIT Financial Serv.*, 111 Idaho 307, 723 P.2d 851 (1986)). In *Airstream II*, the Supreme Court held that the district court's finding on remand "flies in the face of this Court's 1986 decision, and is barred by the law of the case doctrine." *Airstream II*, 115 Idaho at 575, 768 P.2d at 1308.

Finally, the district court addressed Peralta's request for attorney fees under the federal Parental Kidnapping Prevention Act of 1980 (PKPA), specifically 28 U.S.C.S. § 1738A. However, the court held that the PKPA was inapplicable to the facts of this case. In light of these rulings, we will now review the subsequent decision of the magistrate to award Peralta attorney fees for the proceedings in the magistrate division.

First, the magistrate held that attorney fees were justified under I.C. § 12–121 because, although "the case was originally filed appropriately," Wulff had pursued the action unreasonably and without foundation in a "clearly inappropriate" forum. However, as the district court noted in its latest appellate decision, these findings are inconsistent with the district court's earlier findings and decision dated April 3, 1990. The district court recognized that its first decision dealt with the issue of attorney fees on appeal, but it correctly noted that the issues on appeal were basically the same issues presented to the trial court, dealing with whether Idaho had jurisdiction to hear this custody matter. Consistent with *Airstream II, supra,* and *Suitts II, supra,* footnote 1, we agree with the district court that the magistrate's award of attorney fees under I.C. § 12–121, as limited by I.R.C.P. 54(e)(1), was improper.[2]

The magistrate also relied on I.C. §§ 32–1107(g) and 32–1116 for the award of attorney fees. Again, for the reasons stated above, the magistrate was not entitled to disregard the district court's earlier appellate decision, and to find, as he did, that Wulff pursued her custody action in a "clearly inappropriate forum." Accordingly, we hold that attorney fees should not have been awarded under I.C. § 32–1107(g).

The district court also correctly noted that I.C. § 32–1116 gave no support to the award because the ex parte order for custody, which Peralta obtained in Nevada for use in the Idaho proceedings, later expired or was deemed vacated due to the failure to give notice to Wulff. Therefore, Peralta was unable to show that Wulff had "[violated] a custody decree of another state" so as to qualify for an award of fees under I.C. § 32–1116.

Finally, Peralta argues that the magistrate, at some point in the proceedings below, was asked to consider an award of attorney fees under I.C. § 12–123 or I.R.C.P. 11(a)(1). The magistrate apparently was not persuaded by Peralta's argument because after awarding fees under I.C. §§ 12–121, 32–1107(g) and 32–1116, he stated that "[a]ll other statutory or rule request[s] for attorneys fees and costs are denied as [not] applicable." Nevertheless, Peralta now urges us to affirm the magistrate's award of attorney fees, based on these additional grounds. We decline to do so.

The record does not show that these same arguments were made in the latest appeal to the district court. The district court's opinion does not discuss I.C. § 12–123 or I.R.C.P. 11(a)(1). "It is well settled that when a second appeal is taken, the appellants may not raise issues in the higher court different from those presented in the intermediate court." *Gordon v. Noble,* 109 Idaho 1048, 1052, 712 P.2d 749, 753 (Ct.App.1986), *quoting Centers v. Yehezkely,* 109 Idaho 216, 217, 706 P.2d 105, 106 (Ct.App.1985). Accordingly, we will not up-

---

2. Idaho Code § 12–121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, *provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.*" (Emphasis added.) The magistrate ruled that a fee award could be made under I.C. § 12–121, as restricted by I.R.C.P. 54(e)(1), even though the UCCJA contains its own provisions for awarding "necessary travel and other expenses, including attorneys' fees" if "it appears to the court that it is

clearly an inappropriate forum," I.C. § 32–1107(g), or if a person "[violates] a custody decree of another state which makes it necessary to enforce the decree in this state," I.C. § 32–1116(b). The district court was not asked to review this ruling by the magistrate, nor have we been asked. We express no opinion on whether the magistrate's ruling is correct. *See and compare Kent v. Pence,* 116 Idaho 22, 773 P.2d 290 (Ct.App.1989) (I.C. § 12–121 yields to I.C. § 6–918A, the attorney fee statute in the Idaho Tort Claims Act).

hold the magistrate's award on these new grounds.

In conclusion, we hold that the magistrate erred in awarding attorney fees to Peralta. The district court was correct in reversing the award. Accordingly, we affirm the appellate decision of the district court. Costs to appellant Wulff. No attorney fees awarded on appeal.

WALTERS, C.J., and SILAK, Acting Judge, concur.