915 P.2d 720

In the Matter of Termination of the Parental Rights of Tawny Craven and John Craven, Husband and Wife, and Richard Countryman, an Individual; in the Matter of the Adoption of Scott Craven, a Minor Child.

John CRAVEN, Appellant–
Appellant on Appeal,

v.

John and Jane DOE, husband and wife and prospective adoptive couple, Respondent–Respondents on Appeal.

No. 22398.

Supreme Court of Idaho.

April 25, 1996.

Raymundo G. Peña, Rupert, for appellant.

Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Twin Falls, for respondents.

SILAK, Justice.

This is an appeal from the district court's order affirming the magistrate's order terminating the parental rights of Appellant John Craven, Sr. (Craven) and authorizing the adoption of the minor Scott Craven (Scott) by Respondents John and Jane Doe (the Does). We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Scott was born on May 3, 1993. His mother is Tawny Craven (Tawny). Although Scott was conceived out of wedlock, Craven eventually married Tawny, and has since filed for divorce. According to Tawny, the natural father could either be Craven or another man with whom she had intercourse.

When Scott was approximately two months old Tawny transferred his custody voluntarily to the Department of Health and Welfare (the Department) which then placed him in foster care. At the expiration of the foster care license of Scott's foster parents, the Department, in conjunction with Tawny, transferred his custody to the Does. On March 8, 1994, pursuant to I.C. § 16–1501, *et seq.* and I.C. § 16–2001, *et seq.*, the Does filed a petition seeking the termination of Tawny's parental rights and for adoption of Scott. At the hearing held on March 11, 1994, Tawny signed a consent to termination of parental rights and to adoption in front of the magistrate, and the court entered an order for temporary guardianship appointing the Does as temporary guardians for Scott. It is Tawny's wish that the Does adopt Scott.

On March 15, 1994, an amended petition for termination of parental rights and petition for adoption were filed by the Does identifying the other putative father as a potential natural father and seeking the termination of his parental rights. That individual then executed a consent to the termination of his parental rights before the magistrate.

A second amended petition for termination of parental rights was filed by the Does on April 13, 1994, seeking to terminate the pa-

rental rights of Craven. The Does cited as the basis for the court's jurisdiction their residence in Blaine County pursuant to I.C. § 16–1506, the residence of the minor child in Blaine County and his presence in the state of Idaho pursuant to I.C. § 16–2003, and that the Does stood *in loco parentis* to the child. The Does sought termination of Craven's parental rights on the basis of abandonment and/or neglect pursuant to I.C. § 16–2005(a) and (b), and that it would be in the best interest of the child pursuant to I.C. § 16–2005(e).

On April 15, 1994, Craven was served with the second amended petition while serving a criminal sentence at the Idaho State Correctional Institution. The petition also advised Craven that the Does would seek to be appointed temporary guardians of Scott during the pendency of the matter.

On May 13, 1994, a motion was filed by the Does requesting the Department be appointed to do an investigation and report to the court on the issue of the termination of the parent/child relationship between Craven and Scott pursuant to I.C. § 16–2008(b), which the court granted. Thereafter, the court entered an amended order appointing a guardian ad litem.

The first day of a two day trial in this matter was held on August 31, 1994, in Blaine County, Idaho. Craven was present and represented by counsel. The second day of the trial was held on September 21, 1994, and Craven was again present and represented by counsel.

On November 10, 1994, the magistrate entered findings of fact and conclusions of law in support of the termination of Craven's parental rights. The court found that clear, convincing and substantial evidence supported termination of parental rights on the grounds of abandonment, neglect and best interests of parent and child. The district court's findings included the following: Craven was born on July 7, 1966; that Craven was incarcerated at the time of Scott's birth; that he has severe alcohol and substance abuse problems; that he is the father of four other children by two other women, and has not seen his other children since the summer of 1992; that Craven has an extensive criminal record, beginning when he was 14 to 16

years old in California; that Craven is not eligible for parole until June 1996, and could possibly be incarcerated until 2000; that Craven has a history of a lack of financial support for his children and has a sporadic work history; and that Craven's custody/parenting plan is unsuitable in that he wishes his sister to have custody of Scott until he is out of prison, but his sister has been diagnosed with a moderately severe learning disability, chronic depression, and an atypical personality disorder characterized by social avoidance and withdrawal, disorganization and distress and chronic depression and anxiety. The decree of termination of parent/child relationship was issued on November 22, 1994.

Craven appealed the magistrate's decision to the district court which issued a modified memorandum decision affirming the trial court's decree terminating Craven's parental rights. Craven appeals.

## II.

### ISSUES ON APPEAL

1. Whether the magistrate erred in the appointment of temporary guardian in the hearing held on March 11, 1994, thereby precluding the Does' right to file a petition for termination of parental rights.

2. Whether Craven's due process rights were violated by not having received notice of the hearing of March 11, 1994.

3. Whether substantial evidence supported the magistrate's finding that Craven's parental rights should be terminated on the grounds of abandonment, neglect, and best interests of child and parent.

## III.

### ANALYSIS

A. **The Magistrate Did Not Err In The Appointment Of The Does As Temporary Guardians At The Hearing Held On March 11, 1994, And The Does' Right To File A Petition For Termination Of Parental Rights Was Therefore Not Precluded.**

Craven argues that the trial court failed to follow the procedures for court appointment

of a guardian for Scott pursuant to I.C. § 15–5–309(a), and that since the Does were improperly appointed, they lacked standing to file the petition for termination of Craven's parental rights. This argument is without merit.

The Does were given custody of Scott by the Department on approximately March 5, 1994, after the foster parents' license expired and at the request of the child's mother, Tawny. At the hearing held on March 11, 1994, the court entered an order awarding temporary custody and guardianship to the Does, taking into account the mother's request and Craven's unavailability due to his incarceration. We affirm this decision.

In order to have standing to file a petition for termination of parental rights, a party must qualify under I.C. § 16–2004. Section 16–2004(b) provides that "a petition may be filed by the guardian of the person or the legal custodian of a child *or* person standing *in loco parentis* to the child." (Emphasis added). The Does came to stand *in loco parentis* to Scott on March 5, 1994, three days prior to the March 8, 1994 filing of the petition. This transfer of custody by the Department with the mother's consent was not contingent upon the court appointing the Does as Scott's custodians or guardians. Thus, we hold that because the Does stood *in loco parentis* to the child at the time they filed the petition, they had standing to file it, and it is irrelevant whether the court later appointed them temporary guardians.

**B. Craven's Due Process Argument Was Not Preserved On Appeal.**

Craven argues that after the petition was filed, the trial court was required to give him notice of the hearing pursuant to I.C. § 16–2007. Craven did not receive notice of this matter until May 1994 after the second amended petition was filed, and he claims that this deprived him of due process. This argument is also without merit because the issue was not preserved on intermediate appeal to the district court.

Before the trial actually began on August 31, 1994, the magistrate heard a series of motions filed by Craven's court appointed attorney, Sheila John. During one such motion, Ms. John argued that Craven was denied due process because of his lack of notice of the March 1994 hearing. The magistrate ruled from the bench that there was no due process violation because Craven's parental rights were not affected until the time of the trial, August 31, 1994, as opposed to March 11, 1994.

Craven thereafter filed a notice of appeal to the district court listing four issues on appeal. None of these issues concerned a due process violation. Accordingly, the district court's decision does not address due process. Thus, even though the due process issue was raised and determined in the magistrate court, because it was not raised in the intermediate court, *i.e.*, the district court in this case, it cannot be considered by this Court on this second appeal. *Cf. Nollenberger v. Nollenberger*, 122 Idaho 186, 190, 832 P.2d 757, 761 (1992) (although appellant raised issue in district court, because he had not preserved issue by raising it before the magistrate, Supreme Court declined to address it); *see, e.g., Wood v. Wood*, 124 Idaho 12, 16–7, 855 P.2d 473, 477–78 (Ct.App.1993) (In order to be presented on appeal, issues must be correctly framed and preserved in the court below; an issue not raised in an intermediate appeal will not be decided by a higher court.); *Wulff v. Peralta*, 123 Idaho 567, 570, 850 P.2d 216, 219 (Ct.App.1993) (Bases for award of attorney fees which were not presented on appeal to the district court from the magistrate division would not be considered on appeal by the Court of Appeals); *Desfosses v. Desfosses*, 120 Idaho 354, 356, 815 P.2d 1094, 1096 (Ct.App.1991) (Appellants may not raise issues in a higher court different from those introduced in the intermediate court when a second appeal is taken.). We hold that when an issue is raised before a magistrate, but is not raised on appeal to the district court, such an issue has not been preserved for review by this Court.

**C. Substantial Evidence Supported The Magistrate's Finding That The Parental Rights Of Craven Should Be Terminated On The Grounds of Abandonment, Neglect, And Best Interests Of Child And Parent.**

In proceedings to terminate parental rights, the grounds for termination must

be established by clear and convincing evidence as required by the due process clause of the Fourteenth Amendment and I.C. § 16–2009. *Matter of Aragon*, 120 Idaho 606, 608, 818 P.2d 310, 312 (1991). This Court's review of the trial court's findings of fact is limited, and where the magistrate has granted a petition for the termination of the parent/child relationship, the court's "conclusion will not be disturbed on appeal so long as there is substantial competent evidence in the record to support the findings." 120 Idaho at 608, 818 P.2d at 312; *In Interest of Bush*, 113 Idaho 873, 876, 749 P.2d 492, 495 (1988).

■ In addition to affirming the magistrate's decision on the above procedural issues, we hold that there is substantial and competent evidence of a substantive nature that supports termination of Craven's parental rights. The magistrate court made extensive findings of fact to lead it to conclude that Craven's parental rights should be terminated pursuant to I.C. § 16–2005(a) on the grounds of abandonment, § 16–2005(b) on the grounds of neglect, and § 16–2005(e) on the grounds of best interest of the parent and child. The court considered Craven's alcohol and drug abuse, his extensive criminal record, his sporadic employment, his failure to financially support his four other children and his history of no parenting nor financial support of this child. The court relied on the testimony of Scott's mother, Tawny, the guardian ad litem, the court appointed social worker, and a qualified expert in the area of drug and alcohol abuse. The evidence supporting the magistrate's findings is clear and convincing, as the district court determined, and the magistrate's decision should therefore be affirmed.

### CONCLUSION

We hold that the magistrate did not err in appointing the Does as temporary guardians at the March 11, 1994 hearing, and that the Does had standing to file the petition for termination of parental rights in that they stood *in loco parentis* to Scott at the time the petition was filed.

We further hold that Craven's due process issue was not preserved on appeal to the district court, and therefore, cannot be considered on appeal to this Court.

Finally, we hold that substantial and competent evidence supported the magistrate's findings of fact and conclusions of law that the parental rights of Craven should be terminated.

Accordingly, the magistrate's decree of termination of parent/child relationship is affirmed.

No attorney fees on appeal. Costs on appeal to respondents.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.