420 P.2d 8

Evelyn DUNN, Plaintiff-Respondent,

v.

Clarence DUPRE, Defendant-Appellant.

No. 9605.

Supreme Court of Idaho.

Nov. 9, 1966.

Stephen Bistline, Sandpoint, for appellant.

Greene & Hunt, Sandpoint, for respondent.

McFADDEN, Chief Justice.

The parties to this action were previously husband and wife. The marriage was dissolved September 9, 1952, by a decree of the District Court of the Fourth Judicial District, Lake County, Montana. Under the terms of the divorce decree the plaintiff (respondent herein) was awarded the custody of two minor children, and the defendant (appellant herein) was ordered to pay $50.00 per month alimony and $25.00 per month for the support and maintenance of each of the two minor children. Respondent remarried four months after the decree of divorce. Dawn Dupre, one of the minor children, attained her majority under Idaho law in February, 1954. The other minor child, Sterling Dupre, was born in May, 1944, and at the time of the hearing of the instant action was of the age of 20 years.

The month following entry of the divorce decree, respondent, who had moved to Spokane, Washington, instituted a proceeding in the Superior Court, Spokane County, Washington, under the provisions of the Uniform Reciprocal Enforcement of Support Act of that state. At that time appellant was residing in Montana. Subsequently appellant moved to Idaho, and in November, 1954, respondent again proceeded with her Washington action and appellant was ordered to appear before the District Court of the Eighth Judicial District of Idaho for Bonner County. The Bonner County District Court entered an order on December 6, 1954, ordering appellant to pay to the Clerk of the Bonner County District Court the sum of $25.00 per month commencing January 1, 1955, and to become current on all delinquent payments on or prior to May 1, 1955.

In respondent's complaint in the instant action filed July 9, 1963, she alleged that there were support payments accrued for the two minor children in the sum of $6,450, of which sum appellant had paid $1,175, and she sought judgment for the difference of $5,275. By his answer appellant denied the allegations and alleged that each item of respondent's complaint was barred by the statute of limitations, and also that her claim was barred by laches.

Exhibits admitted into evidence at the trial included Exhibit A, the decree of divorce entered in Montana; Exhibit B, a certificate of the Clerk of the District

Court of Bonner County of the list of payments received from appellant; Exhibit C, a certificate of payments received by the Clerk of the Superior Court of Spokane, Washington.

The trial court after hearing the testimony of appellant and respondent entered findings of fact, conclusions of law and a judgment in respondent's favor for $1,825, plus accrued interest.

The trial court found that the parties' marriage was terminated by the Montana Decree; that there were two children born; that the decree provided appellant to pay $25.00 per month for support of each child; that the daughter, Dawn Dupre, became of age under Montana and Idaho law in February, 1954, and all support for her is barred by the statute of limitations; that the son Sterling Dupre will not become of age until May, 1965; that the defendant has made all support payments due and owing to July 15, 1957 for the son; that there is due and unpaid all support payments from July 15, 1957, with 6 per cent interest. The trial court also found:

> "That plaintiff elected to apply payments as they were made on the oldest installments then due so that none of the payments for son Sterling are barred by the statute of limitations."

The court concluded respondent was entitled to take nothing on her complaint for support of the daughter, but was entitled to judgment for $1,825 and interest for support due for the son.

The record of payments subsequent to the order of the District Court of Bonner County on December 6, 1954, in the Reciprocal Enforcement of Support action shows appellant has made the following payments:

1955 $425 (which includes $100 past due payment ordered paid by May 1st, 1955)

| | | | |
|---|---|---|---|
| 1956 | $275.00 | 1960 | $250.00 |
| 1957 | $300.00 | 1961 | $125.00 |
| 1958 | $315.00 | 1962 | $ 50.00 |
| 1959 | $310.00 | 1963 | 25.00 |

Appellant testified that he stopped making payments after Sterling became 18 years old, believing his son was of age. under Montana law.

The substance of appellant's assignments of error is to the effect that the trial court erred in the judgment, the findings and conclusions of law since the evidence failed to substantiate the findings; that the findings of fact were incomplete and inadequate; that the trial court erred in concluding respondent elected to apply payments on the oldest installments then due so that none of the payments for the son Sterling was barred by the statute of limitations.

There is merit to appellant's position. It is to be noted from the recital of payments he made subsequent to the entry of December 6, 1954, order of the Bonner County District Court, that appellant fully complied with the requirements of that order until 1960, when he paid only $250. Further, nowhere in the record is there any testimony by respondent that she actually "elected to apply payments as they were made on the oldest installments then due * * *", as found by the trial court.

Respondent in pursuing her Uniform Reciprocal Enforcement of Support action instituted in the Washington Court in November, 1954, alleged:

> "That respondent [appellant herein], on or about August 10, 1954, and subsequent thereto, has refused, neglected and willfully omitted, without lawful excuse, to furnish and provide necessary food, clothing, shelter, and medical attention for the petitioner [respondent herein] and the above named defendants [son Sterling], with the exception of $25.00 provided on or about August 10, 1954, all of which is in violation of Chapter 255 Laws of 1953 of the State of Washington.

The Uniform Reciprocal Enforcement of Support Act in effect at the time of the December 6, 1954, order by the District Court of Bonner County, was S.L.1953, Ch.

248

246. (Repealed by S.L.1959, Ch. 135). Sec. 25 of the 1953 act provided:

"Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

(See also: S.L.1959, Ch. 135 § 28—I.C. § 7–1075).

The December 6, 1954, order of the Bonner County District Court was responsive to the respondent's petition of November 9, 1954, filed in her proceedings in the Washington Spokane County Superior Court, wherein she sought support for her son after August 10, 1954. Payments made by appellant pursuant to the Bonner County District Court order would thus of necessity, under S.L.1953, Ch. 246 § 25, be applicable to the support of the son for the period in which the payments were made. This would in effect prohibit any election by respondent to apply such payments to any support payments then past due.

This court in Simonton v. Simonton, 33 Idaho 255, 193 P. 386, (40 Idaho 751, 236 P. 863, 42 A.L.R. 1363) held that a judgment for separate maintenance payments to a wife for her support and that of her minor children is a judgment in installments and that the statute of limitations commences to run on each installment as it becomes due. The holding of the Simonton case was reaffirmed by this court in Cormana v. Naron, 37 Idaho 482, 217 P. 597, and has not been overruled. See Annot.: 137 A.L.R. 884 at 891; 70 A.L.R. 2d 1250 at 1258; Koon v. Koon, 50 Wash. 2d 577, 313 P.2d 369 (1957); St. Germain v. St. Germain, 22 Wash.2d 744, 157 P.2d 981 (Wash. 1945). Respondent cites McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742, which quotes from Home Owner's Loan Corp. v. Stookey, 59 Idaho 267, 275, 81 P.2d 1096, as follows:

"As a general rule a debtor, who owes more than one debt to the same creditor, and who makes a payment to him, has a right to elect upon which of his obligations his payment shall be applied. Should he not make an election, the creditor may apply the payment toward the extinguishment of any obligation to him of the debtor. (48 C.J., page 643, Sec. 87.)"

We have no argument with such general rule, but where, as here, payments are made in conformity with a court order, it is only equitable they should be so applied in fulfillment of the requirements of that order.

The findings of the trial court and the judgment entered pursuant to such findings were founded upon the assumption that the respondent had made an election to apply all payments to the oldest installment then due. Not only does the record fail to sustain such finding of fact, but also where respondent enlisted the procedures provided by the Uniform Reciprocal Enforcement Support Act seeking payments for the support of her minor son after a certain date, appellant's payments had to be applied to the period of time directed by the court's order.

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to find, upon the evidence heretofore submitted, or upon such further evidence as the parties may desire to submit, the exact dates payments were made, the period for which they were made, the amounts accrued to the time the parties' son reached his majority and the balance due after applying amounts paid to sums accrued, and enter judgment accordingly.

Costs to appellant.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.