607 P.2d 1325

**Neva B. KOONTZ, Plaintiff-Appellant,**

v.

**Jesse R. KOONTZ,
Defendant-Respondent.**

No. 13045.

Supreme Court of Idaho.

March 25, 1980.

Breck H. Barton of Rigby, Thatcher, Andrus, Barton & Walters, Rexburg, for plaintiff-appellant.

Gregory L. Crockett of Hopkins, French & Crockett, Idaho Falls, for defendant-respondent.

PER CURIAM.

The parties in this appeal were divorced on February 1, 1978, with the issue of the division of community assets taken under advisement. Testimony from the parties and one other witness revealed that the community consisted chiefly of two major assets: the equity in the parties' residence, about $28,000, and the interest in the husband's retirement benefits from the United States Navy. In 1976 the husband completed 20 years' service in the Navy, during 19 of which the parties had been married. At that point the husband became entitled to a monthly retirement benefit equal to one-half of the monthly pay for the grade in which he retired. The husband decided to transfer to the Fleet Reserve, which obligated him to remain available for active duty in time of national emergency, and entitled him to "retainer pay" of approximately $500 per month. Each additional year of service would add 2½% to the percentage of the retirement benefit to which he would be entitled.

The parties argued the question of whether or not the husband's interest in his retirement pay was a vested pension right, but did not offer evidence on the present value of the pension. The trial court in its memorandum opinion found that the pension was vested and was community property, and noted that the computation of the value of such pensions is extremely complex, requiring both accounting and actuarial expertise. The trial court also made reference during the trial to *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975), and the suggestion contained therein that the non-employee spouse should be awarded his share in the pension at the time of the divorce. Based on the evidence submitted at trial, which was meager, the trial court calculated the value of the pension and concluded that the pension was worth less

than the value of the house, and awarded the equity in the house to the wife, and the pension interest to the husband. The wife moved to amend the decree, claiming that the division of community assets made by the court was inequitable. The motion was denied;[1] the wife has appealed.

The disposition of community property is left to the discretion of the trial court, and unless there is evidence in the record to show an abuse of that discretion, the award of the trial court will not be disturbed. *Shepard v. Shepard*, 94 Idaho 734, 497 P.2d 321 (1972); *Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844 (1974). Where appellant has waited until an appeal to this Court to present evidence on the method by which the pension should be valued, we cannot say that the trial court committed any error in denying a motion to amend which did not include any such evidence or proposed evidence.

Affirmed, with costs to respondent, but no allowance of attorney fees.

1. The trial court issued a memorandum decision concerning the motion to amend, in which it made the following comment:

"The main issue in contention revolves around the military pension. The Court must first set forth some of the problems on proof. The monthly amount to be paid from the pension was in evidence but there was a lack of proof as to the present value of the pension. There was no actuarial evidence, no life expectancy tables referred to that the Court could take judicial notice of. From the available evidence the Court did find that the equity in the home of some $28,000 was worth more than the present value of the pension. The Court did take into consideration the value of the pension in making the overall division of the property."