896 P.2d 956

**Sherry May BALDERSON, Plaintiff–Respondent,**

v.

**Gerald Elmer BALDERSON, Defendant–Appellant.**

**No. 21354.**

Supreme Court of Idaho, Boise, September 1994 Term.

May 22, 1995.

Uranga, Uranga & Beiter, Boise, for appellant. Jean R. Uranga argued.

Wilson, Carnahan & McColl, Boise, for respondent. Debrha J. Carnahan argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND PROCEDURE

Gerald and Sherry Balderson were married on August 20, 1970. Gerald entered active duty in the Navy on May 20, 1969, fifteen (15) months prior to his marriage to Sherry. Gerald left the Navy for a short time in 1973, but re-enlisted for active duty in 1974. The decision to re-enlist was made by both parties with the understanding that the Navy would be Gerald's career. Gerald has been on active duty in the Navy since re-enlisting in 1974. Under Gerald's re-enlistment contract, he would receive a promotion and, in return, Gerald would forego retirement until September 1994. Even though Gerald was eligible for retirement in 1994, he chose to remain in the military until he had completed 30 years of active duty. Gerald will attain 30 years of service in the year 2000, approximately eight years from the time of divorce, and he intends to retire at that time.

In August of 1989, Sherry initiated divorce proceedings. At the date of trial, Gerald had

been on active duty for twenty-two (22) years and five (5) months, or 269 months. Not including the fifteen months of duty prior to marriage, Gerald was on active duty for a total of 254 months during marriage. In the divorce, there was no dispute as to the character, value, and division of all community property, with the exception of the community interest in Gerald's military retirement benefits. Sherry sought one half of Gerald's military retirement pension earned during marriage.

The magistrate court valued the community interest in the military retirement benefits at $1,479.10 per month. This amount was based on Gerald's time spent in the military during marriage as compared to his total time of service as of the date of divorce. The magistrate court then ordered Gerald to pay Sherry in installments a sum equal to her one-half interest in the benefits, $739.55 per month. The magistrate court awarded the benefits to be paid in installments because there were insufficient assets to make an offsetting lump sum award to Sherry and because this award effectively gave Sherry immediate control over her community share in the retirement benefits without compelling Gerald to retire.

Gerald appealed the decision of the magistrate court which was affirmed by the district court. The district court modified the magistrate court's decision to permit Gerald to petition the magistrate court for re-examination of its order if it is determined that $739.55 equals more than fifty percent of his monthly "disposable retired or retainer pay" under the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408(e)(1).

Gerald then appealed the district court's ruling. The Court of Appeals agreed with the district court's ruling and affirmed the magistrate court's decision as amended. Gerald then petitioned this Court for a review of the Court of Appeal's decision. On review Gerald argues that the Supremacy Clause of the United States Constitution precluded the magistrate court from ordering Gerald to begin making immediate payments to Sherry for her interest in Gerald's military retirement benefits under 10 U.S.C.

§ 1408(c)(3). Gerald also argues that the magistrate court erred by failing to order payment of Sherry's share of the retirement benefits not commence until Gerald retired. Gerald argues that the retirement benefits should be valued at the time Gerald actually retires rather that at the time of divorce. Both parties seek attorney's fees on appeal.

This Court affirms in part, vacates in part, and remands this case to the magistrate court.

## II.

## PREEMPTION ISSUE

When this Court reviews issues first decided in the magistrate court, which are then presented to the district court on appeal, this Court reviews the magistrate court's decision independently of, but with due regard for, the district court's appellate decision. *Ireland v. Ireland*, 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). This Court will uphold the findings of the magistrate court if the findings are supported by substantial and competent evidence. *McNelis v. McNelis*, 119 Idaho 349, 351, 806 P.2d 442, 444 (1991). However, issues of law are freely reviewed by this Court. *In re Mundell*, 124 Idaho 152, 153, 857 P.2d 631, 632 (1993).

Because the magistrate court ordered a distribution of the sum equal to Sherry's interest in the military retirement benefits, rather than distributing the pension benefits themselves, we hold that the magistrate court did not err in concluding that Idaho law was not preempted by 10 U.S.C. § 1408(c)(3).

The Uniformed Services Former Spouses Protection Act (USFSPA) gives courts the authority to treat disposable military retired or retainer pay as community property in accordance with the laws of the court's jurisdiction, subject to specific limitations in the Act. 10 U.S.C. § 1408(c)(1). The USFSPA's limits on state courts which are relevant to this proceeding are (1) that only disposable retirement income may be considered as community property, (2) that a court may not order a military member to

retire in order to effectuate a payment of retirement benefits, and (3) that no more than fifty percent of the disposable retired or retainer pay may be paid out. 10 U.S.C. §§ 1408(c)(1), (c)(3), (d)(1). There is no authority in the Act for a court to order direct payments of the military retirement benefits before actual retirement. The magistrate court's order recognized this, and instead of awarding Sherry an interest in the pension benefits, which the court could not do, it awarded Sherry the value of a sum equal to her interest in the pension benefits.

■ The magistrate court is not precluded by the USFSPA from valuing the community property interest in the benefits and distributing the other assets of the community to account for the value of the benefits. Pursuant to this authority, the magistrate court calculated the value of the community interest in the retirement benefits and the value of Sherry's one-half interest in the benefits. The magistrate court then awarded Sherry an amount equal to her interest in the retirement benefits.

The magistrate court did not exceed its grant of authority under the USFSPA because it only valued the military retirement benefits under community property principles and did not divide or distribute the actual pension benefits at the time of divorce. The magistrate court also did not interfere with the purposes of the USFSPA to allow for the distribution of military retirement benefits under community property laws.

We affirm the decision of the magistrate court to the extent that the magistrate court only assessed the value of the military retirement benefits under Idaho community property law.

### III.

### VALUATION AND DISTRIBUTION ISSUES

■ The next issue which must be addressed is whether the magistrate court properly valued and distributed the disputed community assets. The trial court has sufficient discretion to consider the circumstances of each case and decide the most equitable

manner for valuing and dividing the marital portion of pension benefits. *Maslen v. Maslen,* 121 Idaho 85, 91, 822 P.2d 982, 988 (1991). In reviewing the magistrate court's disposition of community property, this Court will not disturb the disposition unless there is evidence of an abuse of discretion. *Koontz v. Koontz,* 101 Idaho 51, 52, 607 P.2d 1325, 1326 (1980); *see also Olsen v. Olsen,* 125 Idaho 603, 606, 873 P.2d 857, 860 (1994) (vacating and remanding the decision of the trial court where it applied the inappropriate rates to capitalize excess earnings and to discount for marketability in determining the value of the marital interest in the closely held corporation).

### A. VALUATION

■ This Court has recognized different methods of valuing pension plans, such as the time rule method and the accrued benefit method. *Maslen,* 121 Idaho at 89–90, 822 P.2d at 986–87. Because retirement benefit plans are so varied in their provisions, funding, and administration, valuation cases are to be decided on an individual basis. *Id.* at 91, 822 P.2d at 988; *Shill v. Shill,* 115 Idaho 115, 120, 765 P.2d 140, 145 (1988) (*Shill II* ). The benefits should be valued at the time of divorce, because benefits acquired after the divorce are the separate property of the employee spouse. *Id.*

■ The magistrate court was within its discretion to determine the method of distribution of community assets, and we will not disturb this magistrate court's installment method of distribution of the Baldersons' community assets. However, in applying this method of distribution, the valuation of the community interest in the retirement benefits requires a discounting of the benefits to their present day value as of the date of divorce. If the benefits are not discounted to their present value, the value assessment does not accurately reflect the non-employee spouse's actual interest in the benefits, and the value of the benefits can be inflated, resulting in an inequitable distribution of the assets.

■ The magistrate court calculated the community interest in the disposable military

retirement benefits as being the amount Gerald would receive as of the date of divorce based on his date of divorce income and his time spent in active service during the marriage, or $1,479.10 per month.[1] Sherry's interest in the benefits was determined to be one-half of the community interest, or $739.55 per month. The magistrate court properly considered the benefits that were earned during the marriage in its valuation of the community interest in the retirement benefits, but it failed to calculate the present value of those benefits by calculating the lump sum future value of Gerald's retirement benefits and discounting that sum to its present-day value prior to determining the value of Sherry's interest in the benefits and distributing the assets.

## B. DISTRIBUTION

■ Under I.C. § 32–712(1)(a), the trial court has the power to distribute community property in an equitable manner unless there are compelling reasons to distribute the property otherwise. The general rule is that the trial court should, if possible, order the disposition of the community property upon divorce to give each spouse sole and immediate control of his or her determined share. *Maslen v. Maslen*, 121 Idaho 85, 92, 822 P.2d 982, 989 (1991). However this rule must be applied within the confines of Idaho's statutes which delineate separate and community property interests. I.C. §§ 32–903, 32–906; *Shill II*, 115 Idaho 115, 118, 765 P.2d 140, 143 (1988); *Maslen*, 121 Idaho at 94, 822 P.2d at 991 (McDevitt, J. concurring in the result).

■ In *Shill v. Shill*, 100 Idaho 433, 599 P.2d 1004 (1979) (*Shill I*), this Court recognized two possible methods for dividing a pension plan: "[o]ne is to award the employee the pension and assign the non-employee-spouse assets of a value equal to the present value of the contingent benefits." (the "lump sum" method) "The other method of dividing the rights is to reserve jurisdiction until retirement and divide the actual monetary benefit when received." (the "as if, and when" method) *Id.* at 437, 599 P.2d at 1008. However, in situations like the present one, where the largest marital asset is the retirement benefit and an inequitable division of the pension benefits would result from using either of the first two methods, this Court has recognized another method of dividing the assets. *Beesley v. Beesley*, 114 Idaho 536, 541–42, 758 P.2d 695, 702–03 (1988). This method of distributing the benefits allows a court to make an award of installment payments in lieu of a lump sum award. *Id.* When an award is made under the installment method, the interest accruing on the award at the rate used to discount the retirement benefits to their present value is to be awarded to the recipient spouse. *Id.*

■ Although a lump sum award is the preferred method of distribution, the magistrate court was within its discretion to consider the circumstances of this case and to decide that the lump sum method paid in installments was the most equitable manner for valuing and dividing the marital portion of pension benefits. *Maslen*, 121 Idaho at 91, 822 P.2d at 988. The magistrate court's method of distribution of a determined lump sum in installments gave Sherry immediate control of a sum equal to her determined share of the benefits paid out over time. Insufficient property was available to make an offsetting award equal to the value of the retirement benefits, and the other methods of distribution would have resulted in an inequitable division of the retirement benefits.

This distribution method is in accord with Idaho's case law and furthers the policies of separating the parties' interests in the property. The parties have immediate control over their interest in the community property and a lesser risk to future expectations of a contingent interest in the retirement benefits.

■ The magistrate court did not abuse its discretion in ordering Gerald to begin making immediate payments to Sherry of an

---

1. The magistrate court in calculating the amount of retirement benefits Gerald was to receive, multiplied his total number of years in the service as of the date of divorce by his pay grade at the date of divorce. (2.5% (the percentage of pay Gerald would receive) × $2829.90 (Gerald's pay grade at divorce) × 22 years (rounded off duration of active service) = $1,556.45.) The community portion of this amount was calculated to be $1,479.10 ($1,556.45 × 254/269 (number of months in service during marriage/total number of months in service.))

amount equal to her interest in the military retirement benefits. However, the magistrate court did not correctly calculate the interest to which Sherry is entitled. Because Sherry was awarded a sum equal to her interest in the retirement benefits to be paid in installments, she is entitled to interest accrued at the rate used to discount the retirement benefits to their present value. *Beesley*, 114 Idaho at 541, 758 P.2d at 702.

The decision of the magistrate court is vacated to the extent that it failed to discount the community interest in the retirement benefits to their present day value and remanded for a calculation of the present day value of the community interest in the retirement benefits for purposes of distributing to Sherry a sum equal to one-half that value. Also on remand the magistrate court is to calculate the interest on the installment payments to which Sherry is entitled.

### IV.

### ATTORNEY'S FEES

■ Both parties request attorney's fees on appeal. Gerald requests attorney fees pursuant to I.C. § 12–121. Idaho Code § 12–121 provides that a judge may award reasonable attorney's fees in any civil action to the prevailing party. Generally reasonable attorney's fees will only be awarded to the prevailing party under I.C. § 12–121 when the court is left with the "abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). There is no basis in the record that Sherry defended the suit frivolously, unreasonably and without foundation. No attorney's fees are awarded to Gerald.

■ Sherry requests attorney fees pursuant to I.C. § 32–704. Idaho Code § 32–704(3) provides that a court may consider the financial resources of both parties and the factors set forth in I.C. § 32–705 to determine whether a party is entitled to an award of attorney fees. *Ireland v. Ireland*, 123 Idaho 955, 960, 855 P.2d 40, 45 (1993). In considering Sherry's financial resources, this Court holds that she has sufficient financial resources and declines to enter an order requiring Gerald to pay Sherry's fees.

### V.

### CONCLUSION

The decision of the magistrate court is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion. Costs to Appellant.

TROUT, SILAK, JJ., and REINHARDT, J. Pro. Tem., concur.

JOHNSON, Justice, dissenting.

I respectfully dissent. In my view, the magistrate judge's order requiring Gerald to begin making immediate payments to Sherry for her interest in Gerald's military retirement benefits violates the Supremacy Clause of the U.S. Constitution because 10 U.S.C. § 1408(c)(3) and other provisions of USFSPA preempt the judge's authority to do so.