963 P.2d 1168

**Donna B. STONECIPHER, Plaintiff–Respondent–Cross–Appellant,**

v.

**Dwight STONECIPHER, Defendant–Appellant–Cross–Respondent.**

**No. 23514.**

Supreme Court of Idaho,
Lewiston, April 1998 Term.

Aug. 13, 1998.

Danny J. Radakovich, Lewiston, argued, for Plaintiff-Respondent-Cross-Appellant.

Clark & Feeney, Lewiston, for Defendant-Appellant-Cross-Respondent. Charles M. Stroschein argued.

WALTERS, Justice.

The district court in its opinion and order affirmed the magistrate's determination of child support arrearages due and owing for the benefit of the parties' daughter. Dwight Stonecipher, against whom the judgment amount was entered, appealed. Donna Stonecipher cross-appealed. Following review of the issues raised by the parties, we uphold the decision of the district court affirming the magistrate's order as explained below.

## FACTS AND PROCEDURAL BACKGROUND

Dwight and Donna Stonecipher were divorced by decree dated June 28, 1979. Pursuant to the terms of the decree, Dwight was ordered to pay child support in the amount of $100 per month for each of the parties' two minor children, Benjamin and Amber, who were fourteen and two years old, respectively, at the time of the divorce. The decree further provided that Dwight pay the child support to Donna through the office of the clerk of the court.

Dwight never made a payment on the court-ordered child support obligation. In March of 1995, Donna filed a motion for an order to show cause in the magistrate court for contempt and for entry of a judgment setting the amount of arrearages due from Dwight. Donna also filed a motion for modification of the child support for Amber, who was then nineteen, still living at home, and

enrolled in her freshman year at college. All of these matters were set for hearing on September 12, 1995.

On the day of the scheduled hearing, Dwight filed a motion asserting that any arrearages which had accrued more than five years prior to the date of Donna's motion to show cause were barred by the statutes of limitation found in Idaho Code § 5–245, 11–101 and 10–1111. Over Donna's objections, Dwight was allowed to present testimony at the hearing despite his failure to submit an affidavit or to provide notice of his intent to offer testimony in response to the order to show cause. Donna was granted time to file a post-hearing brief addressing the statute of limitation questions raised by Dwight.

In his findings and conclusions, the magistrate ruled as a matter of law that (1) Donna had the right to bring an action to renew a judgment for child support arrearages within five years after the child reaches majority; (2) the arrearages which had accrued prior to July 1, 1982, were barred by I.C. § 5–245; (3) the limitation period had not been tolled, under I.C. § 5–229, during Dwight's continuing residence in Canada outside the State of Idaho. Applying the law to the facts, the magistrate determined that Donna could not recover child support due on behalf of Benjamin because the claim was not filed within five years of the date of his majority. As to child support due on Amber's behalf, the magistrate found that Donna was entitled to recover arrearages for sums payable from July 1, 1982. Finding insufficient evidence to substantiate monies allegedly paid by Dwight to Donna or to Amber directly, the magistrate denied the offset sought by Dwight but ordered the child support modified prospectively, as per Donna's request, in accordance with the parties' stipulation. On February 26, 1996, the magistrate entered judgment in favor of Donna for the principal amount of $15,500, plus interest in the amount of $16,-431.51, with the total to bear interest at the prevailing rate until paid in full.

Both parties appealed to the district court. Dwight contested the magistrate's application of the statutes of limitation in computing the child support arrearages and the denial

of claimed offsets. Donna listed as issues in her notice of appeal errors by the magistrate in considering Dwight's testimony at the hearing, in fixing the amount of arrearages and interest and in denying attorney fees. The district court, acting in its appellate capacity, issued its opinion and order affirming the magistrate's determination of the child support arrearages but vacated the interest award pending findings on remand in support of the interest calculations.[1] Dwight appealed the decision of the district court, and Donna cross-appealed. The appeal proceeded, after a temporary suspension, once the magistrate issued findings supporting his interest calculations as required by the remand order.

## STANDARD OF REVIEW

■ Where the issues before the appellate court are the same as those considered by the district court sitting in an appellate capacity, the appellate court will review the trial record with due regard for, but independently from, the district court's decision. *Balderson v. Balderson,* 127 Idaho 48, 51, 896 P.2d 956, 959 (1995); *Robinson v. Joint School District No. 331,* 105 Idaho 487, 670 P.2d 894 (1983). Findings of fact supported by substantial and competent evidence, even though that evidence may be conflicting, will not be disturbed on appeal. *Balderson,* 127 Idaho at 51, 896 P.2d at 959. Issues of law are freely reviewed by this Court. *Id.* If the law has been properly applied to the facts as found, the judgment will be upheld on further appeal.

## ANALYSIS

■ The principal issue raised by the appeal and the cross-appeal is the relevance of various statutes of limitation to the determination of Donna's action to collect child support arrearages. We begin by addressing a procedural issue raised by Donna in her cross-appeal. Donna maintains that it was error for the magistrate to hear evidence on Dwight's statute of limitation defense, which she claims was not properly raised to the court. Citing the Idaho Rules of Civil Procedure, Donna argues that Dwight did not comply with the show cause order by failing to file an affidavit and that he did not provide the required notice regarding the testimony and evidence he would present, or his intent to cross-examine Donna, at the show cause hearing.

■ In show cause hearings for a judgment establishing the amount of delinquent child support payments, the court, in its discretion, may determine the same upon affidavits and the file of the action. I.R.C.P. 6(c)(3) and (4). Where the trial court has exercised such discretion after a careful consideration of the relevant factual circumstances and principles of justice, we will not disturb that action. *Lisher v. Krasselt,* 96 Idaho 854, 857, 538 P.2d 783, 786 (1975).

Pursuant to the rules and as specified in the show cause order, Dwight was advised of his right to elect to produce testimony and evidence at the hearing, or to cross-examine the adverse party, by first giving at least twenty-four hours' notice to the court and opposing party before the show cause hearing. I.R.C.P. 6(c)(4). Although written notice had not been provided by Dwight within twenty-four hours of the hearing which took place on September 12, 1995, the magistrate held that Donna was not prejudiced, having received actual notice of the statute of limitation defense well in advance of the hearing date through Dwight's motion to continue and his answers to interrogatories. We conclude that the magistrate perceived the issue as one of discretion, acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 999 (1991). Therefore, we hold that the magistrate did not abuse his discretion in allowing Dwight to proceed with his statute of limitation defense.

■ Dwight argues that the magistrate erred in awarding judgment for child support

---

1. The district court treated the appeal as brought by Dwight, with a cross-appeal by Donna. From the record before us, it appears that Donna did not pursue the issue regarding the magistrate's denial of attorney fees.

arrearages due on Amber's behalf dating back to July 1, 1982. He contends that the magistrate should not have applied I.C. § 5–245 to extend the statute of limitation with respect to collecting child support arrearages because Donna's motion for an order to show cause did not fall within the statute until its 1995 amendment. Dwight further argues that because no independent action was begun as required by I.C. § 5–245, the child support arrearages recoverable by Donna were limited to the judgment amounts for which a writ of execution could be issued, pursuant to I.C. § 11–101.

At the time of the parties' divorce decree fixing the monthly amount of child support due from Dwight, the statute of limitation governing actions upon a judgment was six years from the entry of the judgment or decree. I.C. § 5–215. In 1988, however, the legislature significantly expanded the six-year statute of limitation to allow for an action or proceeding to collect child support arrearages accrued under a support order within five years after the child reaches the age of majority. I.C. § 5–245.

The magistrate in this case applied I.C. § 5–245 to determine that Donna was entitled to a judgment representing the child support arrearages that had accrued from the date of the statute's enactment in 1988 forward. The magistrate rejected Dwight's argument that any arrearages accrued before the date of the amendment to I.C. § 5–245 were not recoverable. The magistrate correctly interpreted the statute as originally enacted to benefit Donna, contrary to Dwight's assertion that Donna's motion did not qualify as an "action or proceeding" under the statute until it was expressly added by the 1995 amendment to I.C. § 5–245.

■ In enacting amendments to existing statutes, the legislature must have intended to clarify, strengthen or make some change in existing statutes. *State ex rel. Wright v. Headrick*, 65 Idaho 148, 139 P.2d 761 (1943).

In the 1995 amendment to I.C. § 5–245, one sentence was added, which reads as follows: "An action or proceeding under this section shall include, but is not limited to, execution on the judgment, order to show cause, garnishment, income withholding, income tax offset or lottery prize offset." No alteration was made to the statute as it previously existed. The amended version simply clarified the language of the original statute by providing a list, though non-exhaustive, of terms to be encompassed by "an action or proceeding to collect child support arrearages." The 1995 session laws define the act as "amending section 5–245, Idaho Code, to provide the types of proceedings for collection of child support within the purview of the section." 1995 Idaho Session Laws, ch. 264 § 1. Therefore, because Donna's show cause motion was filed within the limitation period of I.C. § 5–245, i.e. within five years of her daughter's eighteenth birthday, that portion of the judgment reflecting arrearages from 1988 forward was properly awarded by the magistrate.

■ Unless expressly stated, statutes should not be construed to be retroactive. *Henderson v. Smith*, 128 Idaho 444, 915 P.2d 6 (1996); I.C. § 73–101. The magistrate followed this principle in applying I.C. § 5–245, which contains no retroactivity clause, and did not hold all of Dwight's unpaid child support obligation subject to recovery. After considering the statement of purpose from the 1988 legislation,[2] the magistrate determined that the intent of the legislature in enacting I.C. § 5–245 was to enlarge the time within which an action could be brought to collect a judgment for child support arrearages. The magistrate commented that the law continued to provide, however, that a judgment creditor for child support arrearages could lose the right to levy on the judgment if he or she failed to seek the issuance of a writ of execution within five years from

---

**2.** "Judgments on delinquent child support obligations must be renewed every five (5) years if the Bureau of Child Support Enforcement is enforcing the delinquency through one of the attachment remedies routinely used. Current law provides an incentive to the obligated parent to avoid paying for six years because if the judgment is not renewed the parent may be relieved of the obligation. This proposal would provide that the statute of limitation would not start to run until the child reached the age of majority or until the child's death."

the date of judgment.[3] *See* I.C. § 11–101. Reasoning that before the 1988 adoption of I.C. § 5–245, child support arrearages that had accrued more than six years prior were barred, the magistrate entered judgment in Donna's favor for all delinquent child support payments dating back to July of 1982.

We can infer that the magistrate did not view the effect of the new limitation statute, I.C. § 5–245, as extinguishing any right to collect delinquent child support payments that were recoverable in 1988 under the six-year statute of limitation found in I.C. § 5–215. The new statute did not repeal I.C. § 5–215. Moreover, to award judgment for arrearages that Donna was entitled to collect when I.C. § 5–245 was enacted serves only to promote the public policy of enforcing a parent's obligation to provide financial support to his or her children during their minority. We find no error in the magistrate's determination that the judgment should include arrearages dating back to July of 1982.

■ Next, Dwight raises as a claim of error the magistrate's denial of any credit or offset for support he had allegedly provided to Amber during the various times she lived with him in Canada and for amounts otherwise expended by him over the years on Amber's behalf. He disputes the magistrate's finding of insufficient evidence to support an offset against the arrearages and the magistrate's characterization of amounts paid directly to Amber as not in the nature of child support payments. He argues only that I.C. § 32–706 does not absolutely proscribe the possibility of support in kind for child support, citing no authority, other than principles of equity, for a credit to be applied against child support installments already accrued. Because Dwight has provided merely argument for his position, without authority, this Court will not consider the assignment of error. *See State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); *Simmons v. Ewing,* 96 Idaho 380, 383, 529 P.2d 776, 779 (1974). *See also* I.A.R. 35 (only issues on appeal that are supported by propositions of law, authority, or argument, will be considered).

■ Donna in her cross-appeal asserts that the statute of limitation should be tolled during Dwight's absence from the State of Idaho, pursuant to I.C. § 5–229. Because Dwight has continually resided out of state, Donna claims that she is entitled to recover all of the past due child support from Dwight.

■ The provisions of I.C. § 5–229 prescribe:

> If, when the cause of action accrues against a person, he is out of state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.

This Court has previously explained that the purpose of I.C. § 5–229 is to prevent the running of the statute of limitation during the time that a defendant is unavailable for service of process because of the defendant's absence from the state. *Lipe v. Javelin Tire Co., Inc.,* 96 Idaho 723, 726, 536 P.2d 291, 294 (1975). Where jurisdiction over a defendant may be had under the "long arm statute," the defendant is not absent from the state within the meaning of I.C. § 5–229. *Id.; Blankenship v. Myers,* 97 Idaho 356, 371, 544 P.2d 314, 329 (1975).

The pertinent facts in this case are that Dwight has continuously resided in British Columbia, Canada, from the time Donna brought her complaint for divorce in 1979. Dwight accepted service of the summons and complaint for divorce, as recited in the findings and conclusions entered in conjunction with the decree of dissolution; but he did not appear in the dissolution proceedings. In 1995, Dwight engaged counsel to respond to Donna's motion for order to show cause why he should not be held in contempt for failure to pay child support and why judgment should not be entered against him for the amount of past due child support owing to Donna. Ultimately, Dwight was at the show cause hearing which had been continued

---

3. Each child support installment is a mini-judgment for which the period of limitation begins to run on the date that the same becomes due. *Dunn v. Dupre,* 91 Idaho 246, 420 P.2d 8 (1966).

from the originally scheduled date at Dwight's request.

Following the show cause hearing, the magistrate made findings that Donna at all times knew Dwight's address and telephone number in Canada such that she was able to have him served with process to collect the child support due. The magistrate also found that Dwight was subject to the jurisdiction of the Idaho courts by virtue of the long arm statute; that service of process on him had been thereby accomplished; and that Dwight had not contested the court's jurisdiction. Concluding therefore that Dwight was not absent from the state within the meaning of I.C. § 5–229, the magistrate correctly denied any tolling of the statute of limitation which barred recovery of past due child support incurred prior to July 1, 1982 on Amber's behalf.[4] The judgment awarding Donna child support arrearages dating back to July 1, 1982 is hereby affirmed.

Donna contends that she was entitled to an award of attorney fees in the trial court. A request for fees was raised before the magistrate based on I.C. § 32–704 and I.C. § 12–121 and as a sanction pursuant to I.R.C.P. 37. Donna did not seek a specific ruling on the issue of sanctions, which was not addressed despite the magistrate's finding that Dwight was in contempt of the child support order. Donna also failed to pursue the issue in the district court. It is well settled that an issue is not preserved for review by this Court even though it was raised before the magistrate when the issue is not raised later before the district court in the intermediate appeal. *Craven v. Doe,* 128 Idaho 490, 915 P.2d 720 (1996). We therefore decline to review the issue here.

## CONCLUSION

The decision of the district court upholding the magistrate's order fixing the past due child support owed by Dwight is affirmed.

No fees on appeal are awarded. Costs to Donna Stonecipher.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.

---

4. Donna has challenged the interest award in her cross-appeal brief, arguing that the award was not supported by findings showing how the magistrate arrived at the figure included in the judgment. On remand from the intermediate appeal, the magistrate entered his order with the appropriate findings. That order, dated December 1, 1997, was not subsequently appealed, and all issues disputing the interest award were abandoned by both parties at oral argument before this Court.