43 P.3d 777

David A. HUNT, Plaintiff–Appellant,

v.

Ann Christine HUNT, nka Christine Smith, Defendant–Respondent.

No. 26855.

Supreme Court of Idaho,
Boise, January 2002 Term.

March 12, 2002.

Naylor & Hales, P.C., Boise, for appellant. Roger J. Hales argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Stanley W. Welsh argued.

WALTERS, Justice.

This is an appeal from a magistrate's order in a divorce action that valued and divided Ann Christine Hunt's ("Christine") community interest in her former husband's, David Hunt ("David"), retirement benefits. The magistrate determined Christine's community property interest by utilizing the time rule. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 18, 1971, David and Christine Hunt were married. At the time of the marriage, David was serving in the U.S. Marine Corps on a four-year enlistment that began in December 1967. He was honorably discharged from the Marines in December 1971. From September 1977 until his retirement in January 1999, David worked as a deputy for the U.S. Marshals Service. With both of these positions, David accumulated retirement accounts.

On December 2, 1987, David and Christine were divorced. The community assets, with the exception of David's retirement benefits, were divided. The divorce decree recited that David was awarded "one-half of his retirement accrued to the date of divorce." The decree then provided "[i]f upon wife's retirement, she has an adequate source of retirement income other than Social Security (for example, employment retirement plan, KEOGH or 401(k) plan), she will waive her right to receive any portion of her husband's retirement income and husband's retirement will be fully vested in husband."

In November 1998, Christine filed a motion to clarify the divorce decree. To support the motion, Christine stated that she did not have an adequate source of retirement income and was requesting her community share of David's retirement benefits. Fol-

lowing discovery, the parties stipulated that Christine was entitled to a portion of David's retirement. The magistrate then ordered that 22.3214% of David's retirement benefits be paid to Christine. In making this determination, the magistrate utilized the time rule to value Christine's community portion of the retirement funds.

David appealed the magistrate's decision to the district court. The district court ruled that the division of community assets is left to the sound discretion of the magistrate. The district court further held that the magistrate did not abuse his discretion by utilizing the time rule to distribute David's retirement benefits. The district court awarded attorney fees to Christine pursuant to I.C. § 12–121. David appeals to this Court.

## ISSUES ON APPEAL

1. Should David's retirement account be valued at the date of the parties' divorce rather than at the date of David's retirement?

2. Did the magistrate err by allocating the retirement funds according to the time rule?

3. Did the district court err in awarding attorney fees and costs to Christine on appeal?

4. Should either of the parties be awarded attorney fees on this appeal?

## STANDARD OF REVIEW

When reviewing the decision of a district court rendered in its appellate capacity over a magistrate's proceeding, the Supreme Court reviews the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. *See Swanson v. Swanson,* 134 Idaho 512, 515, 5 P.3d 973, 976 (2000); *Balderson v. Balderson,* 127 Idaho 48, 51, 896 P.2d 956, 959 (1995). The findings of fact by the magistrate judge will be upheld by this Court if they are supported by substantial, competent evidence in the record. *Id.* With respect to the court's conclusions of law, this Court exercises free review. *Id.*

The magistrate's discretionary decisions will be upheld absent a showing that the court abused its discretion. *Quiring v. Quiring,* 130 Idaho 560, 563, 944 P.2d 695, 698 (1997). When an exercise of discretion is reviewed on appeal, the Court inquires: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason. *Id.*

## DISCUSSION

### I.

David argues that the magistrate erred in dividing and valuing the community interest in his retirement benefits by utilizing the time rule. He asserts that the time rule improperly values the retirement benefits at the date of retirement rather than at the time of divorce. By valuing at the time of retirement, David contends that a portion of his separate property as well as the community property interest of his present wife is invaded. Christine argues that the valuation of the retirement benefits is left to the discretion of the trial court. Further, she contends that the time rule does value the retirement benefits at the date of divorce. In making the valuation and division of community property, Christine asserts that the magistrate utilized the method that it found to most equitably divide David and Christine's community interest in the retirement benefits and did not abuse its discretion.

The trial court is to consider the circumstances of each case and decide the most equitable manner for dividing and valuing the community portion of the parties' assets. *Balderson,* 127 Idaho at 52, 896 P.2d at 960. When reviewing the magistrate's distribution of community property, this Court will not disturb the distribution absent a showing that the magistrate abused its discretion. *Id.*

This Court has determined that there are two possible methods for dividing a pension plan. "One is to award the employee-spouse the pension and assign the non-em-

ployee-spouse assets of a value equal to the present value of the contingent benefits," also known as the lump sum method. *Shill v. Shill*, 100 Idaho 433, 437, 599 P.2d 1004, 1008 (1979) (*"Shill I "*). "The other method of dividing the rights is to reserve jurisdiction until retirement and divide the actual monetary benefit when received," also known as the "as if, and when" or reserved jurisdiction method. *Id.* "The advantage of the lump sum approach is that it effects a complete severance of the spouses' interests and gives each spouse immediate control of his or her share of the community property." *Id.* (citing *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975)). The lump sum method is the preferred method of division. *Balderson*, 127 Idaho at 53, 896 P.2d at 961 (citing *Maslen v. Maslen*, 121 Idaho 85, 91, 822 P.2d 982, 988 (1991)).

Here, the parties chose not to divide the retirement benefits upon divorce; the divorce decree shows that the parties decided to wait to determine the community interest in the retirement benefits until after Christine's retirement. The magistrate did not have to make a determination as to when the assets should be divided, the parties had previously agreed to use the reserved jurisdiction method.

■ Similar to the analysis for dividing pension plans, the valuation of retirement plans is done on a case-by-case basis because of the variety in a retirement plan's provisions, funding and administration. *Balderson*, 127 Idaho at 52, 896 P.2d at 960. This Court has recognized two different methods of valuing retirement plans, the accrued benefit method and the time rule. *Id.* (citing *Maslen*, 121 Idaho at 89–90, 822 P.2d at 986–87). The accrued benefit method values the community interest as one-half of the difference between the value of the retirement account at the date of divorce and the value at the date of marriage. *Maslen*, 121 Idaho at 90, 822 P.2d at 987. The time rule values the community interest in the retirement benefits as one-half of the fraction of the years of the community service under the plan, divided by the total years of service. *Id.* at 90 n. 4, 822 P.2d at 987 n. 4.

The time rule generally is used to calculate the community interest in the retirement benefits at a date following the actual date of divorce, which typically is the date of retirement. Even though the community interest is determined subsequent to the divorce, the time rule still values the retirement benefits at the time of divorce rather than at the time of retirement because only the portion of the benefits that accrued from the time of the marriage to the time of the divorce are allocated. *See id.; see also Hunt v. Hunt*, 909 P.2d 525, 534 (Colo.1996). The time rule "internalizes the notion that the highest salary realized by an employee is the product of all prior years." *Hunt*, 909 P.2d at 535; *see also Shill I*, 100 Idaho at 436, 599 P.2d at 1007 (recognizing that retirement benefits are "a form of deferred compensation which is attributable to the entire period in which it was accumulated"). The time rule "alleviates concerns as to what portion of the enhancement is related to either the nonemployee's or employee's efforts during the marriage." *Hunt*, 909 P.2d at 534.

■ Here, the parties had the option to value the retirement benefits under the accrued benefits rule at the time of divorce. They voluntarily chose, however, to wait until a later date to divide and value the assets. The divorce decree clearly stated that David was awarded "one-half of his retirement accrued to the date of divorce." The magistrate recognized that more than one method of valuation exists and utilized its discretion to find the "most fair method of valuing the community's contribution to the retirement benefits."

The magistrate found:

Since the plan member is typically making more money during the later years of employment, when the spouse has no interest in his income, it can be argued that using the time rule is equivalent to giving the non-member spouse an interest in the member's separate property. On the other hand, using the accrued benefits approach is tantamount. to saying that the time contributed during the earlier years of employment is of less value than the later years. Assuming that the member spouse is married during the first half of

his employment to one spouse and during the second half of employment to a second spouse, the accrued benefits approach would give much greater benefit to the second spouse than to the first, even though neither gets any recovery until after the member retires.

I find that the more fair approach, at least in the case of defined benefit-type plans where the distribution is to be made as, if, and when the plan member receives benefits, the time rule results in a more equitable distribution of community retirement plan benefits. Using this method, both the earlier and the later spouse are treated equally, in that the time they invested to their respective communities is valued equally. Further, the earlier spouse is given the benefit of growth in the retirement account, which will offset the loss of value from not having immediate control and distribution of the asset. This is not to say that this court would necessarily find that the time rule is the most equitable in all circumstances. If, for example, the parties are divorcing prior to retirement and the non-member spouse wishes to have immediate control of her share of the retirement plan, the time rule cannot be used because the divisor for the fraction cannot yet be determined. Using the accrued benefits method under those circumstances, assuming the value at the time of the divorce can be readily determined, has the advantage of allowing for this division and giving the non-member spouse a lump some [sic] division of her share.

The magistrate clearly perceived the issue of valuation of the retirement benefits as one of discretion and acted within the boundaries of such discretion. *See Quiring v. Quiring,* 130 Idaho 560, 563, 944 P.2d 695, 698 (1997). The magistrate pointed out the applicable legal standards and after looking closely at the facts of this case, concluded that the time rule would be the most equitable way to value the retirement benefits. *Id.*

This Court holds that the magistrate did not abuse its discretion by valuing the retirement benefits by utilizing the time rule.

## II.

We next turn to the award of attorney fees by the district court. The decision to award attorney fees under I.C. § 12–121 rests in the sound discretion of the district court and will be only reversed where there is an abuse of discretion. *Simons v. Simons,* 134 Idaho 824, 830, 11 P.3d 20, 26 (2000). An award under I.C. § 12–121 is discretionary; but it must be supported by findings and those findings, in turn, must be supported by the record. *Conley v. Whittlesey,* 133 Idaho 265, 274, 985 P.2d 1127, 1136 (1999).

The district court found that David did not provide either a factual basis or legal authority for his arguments. The district court observed "David is basically asking this Court to extend the law to create a rule where none currently exists." The district court further found that David presented no argument or authority to show that the magistrate abused its discretion in dividing and valuing the retirement benefits; the magistrate acted within the applicable rules and did not abuse its discretion by choosing to apply the time rule instead of the accrued benefits method.

When a party on appeal fails to present any significant issue regarding a question of law, where none of the findings of fact made by the trial court were clearly or arguably unsupported by substantial evidence, and where the appellate court is not asked to establish any new legal standards or modify existing ones, the appeal will be deemed to be unreasonable and without foundation. *See Johnson v. Edwards,* 113 Idaho 660, 747 P.2d 69 (1987).

The record supports the findings of the district court. This Court holds that the district court did not abuse its discretion by awarding attorney fees on appeal to Christine.

## III.

Both parties are requesting attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 41. David asserts that Idaho law is clear in requiring the accrued benefit method of valuation in cases where the employment

of the former spouse continues for many years following the divorce. Christine asserts that David did not and cannot argue that she is defending this appeal frivolously and that his request for fees should be denied.

 Attorney fees are awarded on appeal where this Court determines the facts presented to it were "pursued or defended frivolously, unreasonably or without foundation." *Brinkmeyer v. Brinkmeyer,* 135 Idaho 596, 601, 21 P.3d 918, 923 (2001) (quoting Idaho Code § 12–121).

David basically proffers the same arguments as he did to the district court. He has not shown that the magistrate abused its discretion by utilizing the time rule to value the retirement benefits. "Where issues of discretion are involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion." *Andrews v. Idaho Forest Indus., Inc.,* 117 Idaho 195, 197, 786 P.2d 586, 588 (Ct.App.1990) (citing *McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987)). An award of attorney fees is appropriate if the law is well-settled and the appellant has made no substantial showing that the court below misapplied the law. *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 377, 973 P.2d 142, 148 (1999).

This Court awards attorney fees and costs to Christine. The amounts shall be determined pursuant to I.A.R. 40 and 41.

### CONCLUSION

This Court holds that the magistrate did not abuse its discretion by allocating David's retirement benefits using the time rule. The magistrate's order valuating and dividing the retirement benefits is affirmed. The Court further holds that the district court did not err in awarding attorney fees on appeal to Christine. Costs and attorney fees on appeal are awarded to the respondent.

Justices KIDWELL, EISMANN and Justice Pro Tem WESTON, concur.

Chief Justice TROUT participated in oral argument but did not participate in the opinion.