**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49922**

| | |
|---|---|
| JODI LYNN MARJONEN, | ) |
| | ) Filed: March 7, 2023 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| COLIN POOLE, M.D.; and NICOLE | ) OPINION AND SHALL NOT |
| PYLE, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Order granting motion in limine, <u>affirmed</u>; order granting summary judgment, <u>affirmed</u>.

Jodi Lynn Marjonen, Boise, pro se appellant.

Gjording & Fouser; Stephen L. Adams, Boise, for respondents.

_____

GRATTON, Judge

Jodi Lynn Marjonen appeals from the district court's orders granting respondents' motion in limine and motion for summary judgment. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2018, Dr. Colin Poole (Dr. Poole) performed left knee surgery on Marjonen. In September 2018, Marjonen twisted her knee, heard a pop, and felt pain. Dr. Michael Gustavel performed further surgery in October 2018. Dr. Poole performed a third surgery on Marjonen's left knee in January 2019. Nicole Pyle (Pyle) was the physician assistant who conducted Marjonen's post-operative care. Marjonen's knee developed a post-operative infection. Marjonen received five more surgeries to address the infection and subsequent complications.

1

In January 2021, Marjonen filed her initial complaint, and in February 2021, a first amended complaint. Marjonen filed a second amended complaint in March 2021, alleging medical malpractice against Dr. Poole and Pyle.

Dr. Poole and Pyle filed a motion for summary judgment. The district court granted a partial summary judgment declaring the statute of limitations barred any claims against Dr. Poole for damages that accrued prior to October 17, 2018, and any claims against Pyle for damages that accrued prior to February 18, 2019. Marjonen's claims against Pyle all accrued by January 29, 2019.

The deadline to disclose expert witnesses was in April 2022. Dr. Poole filed a motion in limine to exclude Marjonen's expert witnesses due to insufficient disclosure as well as a second motion for summary judgment if the motion in limine were granted. During the motions hearing, the district court found that even though Marjonen had listed her treatment providers, she failed to include the summary of facts they would testify to pursuant to Idaho Rule of Civil Procedure 26(b)(4)(A). The district court explained the reasons for expert witness disclosures and the case law that supported excluding expert witnesses since Marjonen failed to meet the deadline. The district court granted the motion in limine to exclude Marjonen's expert witnesses. Since both Idaho Code §§ 6-1012 and 6-1013 require an expert witness to prove medical malpractice, the district court found there was no genuine issue of material fact and granted Dr. Poole's second motion for summary judgment, dismissing all remaining claims.

Marjonen timely appealed. Marjonen's opening appellate brief and supplemental appellate brief included attachments. Dr. Poole and Pyle moved to strike those attachments since they were not a part of the record. The Idaho Supreme Court granted the motion to strike, and the case was submitted on the briefs.

## II.

## STANDARD OF REVIEW

Trial courts have broad discretion when ruling on a motion in limine. *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 25, 105 P.3d 676, 685 (2005). Thus, this Court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard. *Id.* Under an abuse of discretion standard, this Court determines whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and

2

(4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

Marjonen acknowledges that she is appealing only from the second motion for summary judgment and related motion in limine. Marjonen argues her expert witness disclosure was sufficient based upon the interrogatory language. Marjonen contends Dr. Poole misled the district court by blacking out the allegedly problematic interrogatory question and only providing the district court her answers. Dr. Poole and Pyle contend Marjonen failed to provide a sufficient disclosure of her non-retained expert witnesses, and the district court properly granted both the motion in limine and the motion for summary judgment due to lack of expert witnesses in a medical

malpractice claim. Further, Dr. Poole and Pyle argue this Court should disregard the merits of Marjonen's case due to the appellant procedural deficiencies. Dr. Poole and Pyle request costs and fees pursuant to Idaho Appellate Rule 40(a) and I.C. § 12-121.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Marjonen attached documents to her appellate brief, which she referred to in her argument. Despite I.A.R. 34(a)'s authorization of the attachment of "addendum or exhibits" to appellate briefs, this Court cannot consider documents attached to a brief that are not properly part of the appellate record. *W. Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002). Furthermore, the Supreme Court granted Dr. Poole's and Pyle's motion to strike all exhibits to Marjonen's opening brief and "supplement to appeal" brief. In Marjonen's case, the record is sparse and does not provide the necessary documents for this Court to review for error. Most importantly, Marjonen argues her expert witness disclosure was sufficient; however, her answers to the interrogatories are not in the record. As a result, we will not presume error with an inadequate record.

Moreover, Marjonen failed to cite to the record and provide legal authority in her opening appellate brief. Idaho Appellate Rule 35(a)(6) required Marjonen to support her argument with "citations to authorities, statutes and parts of the transcript and record relied upon." An appellate court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "Consequently, to the extent that an assignment of error is not argued and supported in compliance with the [Idaho Appellate Rules], it is deemed to be waived." *Id. See also Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 180, 395 P.3d 393, 399 (2017). Marjonen's opening brief on appeal does not include a single citation to the record and her argument failed to provide legal authority to support her contention that her expert witness disclosure was sufficient.[1]

---

[1] Further, an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Marjonen failed to provide any standard of review.

Pro se litigants are held to the same standards and rules as those represented by an attorney. *Twin Falls Cty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). Due to the procedural deficiencies, we decline to address Marjonen's issues on the merits and affirm the district court.

Dr. Poole and Pyle request attorney fees and costs. Costs may be awarded pursuant to I.A.R. 40. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the Court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. As noted, Marjonen failed to provide an adequate record for review and failed to provide a single citation to the record. Failure to provide a sufficient record can support an award of attorney fees under I.C. § 12-121. In addition, attorney fees may be awarded under I.C. § 12-121 where there is no argument as to how a trial court abused its discretion. *Hunt v. Hunt*, 137 Idaho 18, 23, 43 P.3d 777, 782 (2002). Marjonen failed to argue how the district court abused its discretion. We conclude that Marjonen brought her appeal unreasonably and without foundation and award attorney fees and costs to Dr. Poole and Pyle.

## IV.

## CONCLUSION

This Court will not presume error with a deficient appellant record and briefing. Accordingly, we affirm the district court's judgment in favor of Dr. Poole and Pyle. Costs and attorney fees are awarded to Dr. Poole and Pyle.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.